## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re:  Jesse J. Noble, | : | Bankruptcy Case No.: 23-10406-JCM |
| | : | |
| Debtor. | : | Chapter 13 |
| | : | |
| Jesse J. Noble, | : | Document No.: |
| | : | |
| Movant, | : | Related to Document No.: |
| | : | |
| | : | |
| v. | : | |
| | : | **Hearing Date and Time:** |
| TD Retail Card Services, Wells, | : | |
| Fargo Bank, N.A. d/b/a Wells Fargo, | : | |
| Auto, Cavalry SPV I, LLC, Wells | : | |
| Fargo Banks, N.A., Wells Fargo | : | |
| Card Services, M&T Bank, and | : | |
| Portfolio Recovery Associates, LLC, | : | |
| JP Morgan Chase Bank, N.A., Bank | : | |
| Of America, N.A. | : | |
| | : | |
| Respondents. | : | |

## THIRD AMENDED ORDER CONFIRMING SALE OF PROPERTY
## FREE AND DIVESTED OF LIENS

*AND NOW*, this __ day of _____ **2026**, on consideration of the ___Debtor's *Amended Motion for Sell of Property Free and Divested of Liens*, filed at Document No. __, to *Jaymes Sheldon* of 1757 W 21st, Erie, PA 16502 for *$220,000.00*, after hearing held in: Courtroom C @, 54th Floor, U.S. Steel Building, 600 Grant Street, Pittsburgh, PA) this date, the Court finds:

(1)    That service of the *Notice of Hearing* and *Order* setting hearing on said *Motion/Complaint* for private sale of real property free and divested of liens of the above named Respondents, was effected on the following secured creditors whose liens are recited in said *Motion/Complaint* for private sale, viz:

**DATE OF SERVICE**                **NAME OF LIENOR AND SECURITY**

*April 17, 2026*                      ***M&T Bank***
                                     *P.O. Box 840*
                                     *Buffalo, NY 14240-0840*

                                     ***M&T Bank***
                                     *1 Fountain Plaza, 7th Floor*

1

*Buffalo, NY 14203-1495*
*Attn: Payoff Department*

*April 17, 2026*          **Bank of America, N.A.**
*c/o Joel Flink, Esquire*
*375 East Elm Street, Suite 210*
*Conshohocken PA 19428*

*April 17, 2026*          **JPMorgan Chase Bank, N.A.**
*C/O Sean P. Stevens, Esq.*
*RAS LAVRAR LAW OFFICES*
*425 Commerce Drive, Suite 150*
*Fort Washington, PA 19034*

(2)      That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of service duly filed and that the named parties were duly served with the Motion.  The sale pays any and all balances owed to allowed unsecured claimants filed in this matter, and therefore, advertising the sale was not required.

(3)      That at the sale hearing the highest/best offer received was that of the above Purchaser(s) and no objections to the sale were made which would result in cancellation of said sale.

(4)      That the price of $220,000.00 offered by Jaymes Sheldon of 1757 W 21st, Erie, PA 16502 was a full and fair price for the property in question.

(5)      That the Purchaser(s) has acted in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F2d. 143 (3d Cir. 1986).

**NOW THEREFORE**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the sale by Special Warranty deed of the real property described as 7595 Sterrettania Road, Girard, PA 16417 is hereby **CONFIRMED** to *Jaymes Sheldon of 1757 W 21st, Erie, PA 16502* for $220,000.00 free and divested of the above recited liens and claims, and, that the Movant/Plaintiff is authorized to make, execute and deliver to the Purchaser(s) above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

It is **FURTHER ORDERED**, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

It is **FURTHER ORDERED**, that the following expenses/costs shall immediately be paid at the time of closing. *Failure of the Closing Agent to timely make and forward the disbursements required by this Order  will subject the closing agent to monetary sanctions,*

including among other things, a fine or the imposition of  damages, after notice and hearing, for failure to comply with the above terms of this *Order*.  Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

(1)     All customary closing costs and fees required for closing.

(2)     Payment to mortgage holder: M&T Bank in the estimated amount of $124,175.30 plus per diem interest after March 31, 2026.

(3)     Judgment in favor of JPMorgan Chase Bank, N.A. in the estimated amount of: $18,953.87

(4)     Judgment in favor of Bank of America, N.A.  in he estimated amount of: $29,912.73

(5)     Delinquent real estate taxes, if any;

(6)     Current real estate taxes, pro-rated to the date of closing;

(7)     The Court approved realtor commission in the amount of 6% of the sale price $13,200.00;

(8)     Chapter 13 Trustee's fees in the estimated amount of: $3,293.75

(9)     Payment to Debtor's Counsel's estimated approved legal fees and costs of $950.00 (additional fees will be part of carve out in Paragraph 10)

(10)    The sum of $25,186.18 shall be paid to Ronda J. Winnecour, Chapter 13 Trustee, to be allocated, after Trustee fees, to payment of 100% of the timely filed unsecured claims and court approved counsel fees. Payment to be mailed to P.O. Box 2587, Pittsburgh, PA 15230.

(11)    The net proceeds, if any, after paying the above amounts to the Chapter 13 Trustee, shall be paid to Debtor to satisfy his claim for exemption under Section 522(d)(1).

It is **FURTHER ORDERED** that:

(1)     ***Within seven (7) days of the date of this Order***, the Movant/Plaintiff shall serve a copy of the within *Order* on each Respondent/Defendant (i.e., each party against whom relief is sought)and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

(2)     ***Closing shall occur within thirty (30) days of this Order***.

(3)     ***Within seven (7) days following closing,*** the Movant/Plaintiff shall file a ***Report of Sale*** which shall include a copy of the HUD-1 or other Settlement Statement; and,

(4)     This *Sale Confirmation Order* survives any dismissal or conversion of the within case.

3

John C. Melaragno, Judge
United States Bankruptcy Court